MARK RUMOLD (SBN 279060)
mark@eff.org
NATHAN D. CARDOZO (SBN 259097)
nate@eff.org
AARON MACKEY (SBN 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> UNITED STATES DEPARTMENT ) <br> OF JUSTICE, ) <br><br> Defendant. ) | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the release of records that Plaintiff requested from Defendant United States Department of Justice (DOJ) concerning applications to the Federal Intelligence Surveillance Court (FISC) and the court's significant opinions and orders.

## PARTIES

2.     Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to

act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3.      Defendant DOJ is an agency of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION

4.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

5.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is headquartered.

## FACTUAL ALLEGATIONS

### The USA Freedom Act Requires Surveillance Court Transparency

7.      The Foreign Intelligence Surveillance Court (FISC) reviews applications from the government concerning national security surveillance. Since its creation in the 1970s, the FISC's role has gradually expanded. Where the court focused initially on granting applications to conduct surveillance on particular targets, it is now increasingly asked to decide the legality, and constitutionality, of entire programs of government surveillance.

8.      In the past, the FISC typically considered government applications *ex parte*, and its opinions and orders were, almost without exception, classified. Appellate rulings on the FISC's decisions by the Foreign Intelligence Surveillance Court of Review (FISCR) are similarly classified. As the effect of the FISC and FISCR's decisions expanded, the *ex parte* and classified nature of their opinions proved increasingly problematic: the public was prevented from understanding how these federal courts were interpreting surveillance laws and the Constitution, often in ways that implicated

citizens' rights.

9.    After the terrorist attacks of September 11, 2001, the FISC and FISCR were increasingly called upon to decide significant or novel questions of federal or constitutional law—in secret. This resulted in the creation of a vast body of secret federal surveillance law.

10.    The tension between our democratic traditions of openness and access to the courts and the growing body of secret surveillance law culminated in the *Guardian* newspaper disclosing a then-classified order of the FISC in June 2013. The disclosure touched off a years-long debate about the nature, scope, and propriety of our nation's national security surveillance laws.

11.    That debate spurred the passage, in June 2015, of the USA FREEDOM Act, Pub. L. 114-23, 129 Stat. 268 (June 2, 2015) ("USA Freedom"), which implemented a series of national security surveillance reforms.

12.    One aspect of USA Freedom's reforms included the required declassification of "significant" FISC and FISCR decisions. Specifically, Section 402(a) of USA Freedom states that:

> the Director of National Intelligence, in consultation with the Attorney General, shall conduct a declassification review of each decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e)) that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term', and, consistent with that review, make publicly available to the greatest extent practicable each such decision, order, or opinion.

13.    Both before and since enactment of the USA Freedom, Plaintiff EFF has endeavored to inform the public about the FISC's role in national security surveillance by requesting, through FOIA, certain FISC opinions and orders.

**U.S. Government Seeks Court Orders to Compel Access to Encrypted Communications**

14.    As the public debated national security surveillance reform, the government quietly began increasing pressure on companies to provide access to encrypted communications or to provide other types of technical assistance to access private communications.

15.    For example, one news report indicated that the government had considered taking Apple, Inc. ("Apple") to court after the Department of Justice obtained a court order requiring the company to provide real-time access to its customers' encrypted iMessages. Apple represented it

was unable to comply with an order it had received because it could not decrypt the communications. Matt Apuzzo, David E. Sanger, and Michael S. Schmidt, *Apple and Other Tech Companies Tangle With U.S. Over Data Access*, The New York Times (Sept. 7, 2015).

16.    Then, in February, the Federal Bureau of Investigation (FBI) obtained a court order requiring Apple to write software and digitally sign it so that the FBI could defeat built-in security measures on an iPhone. Apple contested the order. Eric Lichtblau & Katie Benner, *Apple Fights Order to Unlock San Bernardino Gunman's iPhone*, The New York Times (Feb. 17, 2016).

17.    Although the examples described in Paragraphs 16 and 17 occurred in traditional federal courts, the FISC also has jurisdiction to consider compelled technical assistance. The Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. ch. 36, allows the government to seek technical assistance from third parties with respect to any application it seeks or order or opinion it receives from the FISC. *See*, *e.g.*, 50 U.S.C. § 1805(c)(2)(B).

18.    News outlets have reported that the government has sought FISC orders and opinions that required private companies to turn over their source code so that the government can identify and exploit vulnerabilities for its own surveillance purposes. Zack Whittaker, *US Government Pushed Tech Firms to Hand Over Source Code*, ZDNet (March 17, 2016).

19.    Plaintiff EFF seeks to inform the public about the extent to which the government has used FISA and the FISC to compel private companies into providing assistance that would undermine the safety and security of millions of people who rely on software and the devices that run them, such as the iPhone, every day.

**Plaintiff's FOIA Requests**

Plaintiff's FOIA for FISC orders requiring technical assistance of third parties

20.    In a letter dated October 8, 2015, Plaintiff filed a FOIA request with the National Security Division of Defendant DOJ (Oct. 8 FOIA). The request sought:

> • Any applications to the Foreign Intelligence Surveillance Court ("FISC") that included requests for technical assistance under the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. ch. 36.
>
> • Any written FISC opinions or orders regarding any applications submitted to the court that included requests for technical assistance under FISA.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

• Any related briefing or correspondence with the FISC, its staff, or any third party (including but not limited to Apple, Inc. and its attorneys) concerning applications submitted to the court that included requests for technical assistance under FISA.

21.     In the Oct. 8 FOIA, Plaintiff also sought expedited processing of its request as well as the media fee waiver and public interest fee waiver.

22.     On November 23, 2015, Defendant acknowledged Plaintiff's Oct. 8 FOIA request via e-mail and granted its requests for expedited processing and fee waivers.

23.     On December 16, 2015, Defendant provided its final response to the Oct. 8 FOIA via letter. In DOJ's final response, Defendant stated "we understand your request to be limited to applications, orders, and related briefs and correspondence specifically concerning requests for technical assistance ordering the decryption of, or assistance in decrypting, encrypted electronic communications."

24.     Defendant further stated:

We have processed your request and identified no responsive applications to the FISC. Relatedly, we have also not identified any FISC opinions, FISC orders, or briefing regarding such applications. We have identified two items of potentially responsive correspondence. We have determined that both of these records are exempt from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. 552 (b)(1).

25.     On January 22, 2016, Plaintiff filed an administrative appeal of Defendant's final response via mail and Defendant's online FOIA portal. Plaintiff appealed on grounds that Defendant had failed to conduct an adequate search for records responsive to its Oct. 8 FOIA request and that Defendant had improperly withheld records under FOIA. Plaintiff sought expedited processing of its administrative appeal.

26.     On February 1, 2016, Defendant acknowledged receipt of Plaintiff's administrative appeal via email.

27.     On February 11, 2016, Defendant sent Plaintiff a second acknowledgement of its administrative appeal via email. In that correspondence, Defendant granted Plaintiff's request for expedited processing of the administrative appeal.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

28.     On April 4, 2016, Defendant denied Plaintiff's administrative appeal via a letter that stated it was "affirming, on partly modified grounds," the agency's initial denial of Plaintiff's Oct. 8 FOIA.

29.     In denying the administrative appeal of Plaintiff's Oct. 8 FOIA, Defendant stated that if Plaintiff was "dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)." Thus, Plaintiff has exhausted all applicable administrative remedies.

30.     Defendant continues to wrongfully withhold the requested records from Plaintiff.

Plaintiff's FOIA request for significant or novel FISC opinions and orders

31.     In a letter dated March 7, 2016, Plaintiff filed another FOIA request with the National Security Division of the DOJ (March 7 FOIA). The request sought:

> • Any "decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e))," issued from 1978 to June 1, 2015, "that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term.'" USA FREEDOM Act, Pub. L. 114-23, § 402(a) (2015), codified at 50 U.S.C. § 1872(a).

> • Any "decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e))," issued from June 2, 2015 to present, "that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term.'" USA FREEDOM Act, Pub. L. 114-23, § 402(a) (2015), codified at 50 U.S.C. § 1872(a).

32.     Plaintiff's March 7 FOIA request also sought the media fee waiver and public interest fee waiver.

33.     By letter dated March 14, 2016, Defendant acknowledged receipt of Plaintiff's March 7 FOIA request.

34.     On March 25, 2016, the parties discussed ways Defendant could prioritize its review of FISC opinions responsive to Plaintiff's second request. By email on April 5, 2016, Plaintiff provided various suggestions for prioritization of opinions and orders that should be declassified and released.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

35.     As of the date of the filing of this Complaint, Defendant has failed to respond substantively to Plaintiff's March 7 FOIA request.

36.     As the statutory time period by which Defendant must respond to Plaintiff's March 7 FOIA request has passed, Plaintiff has exhausted all applicable administrative remedies.

37.     Defendant continues to wrongfully withhold the requested records from Plaintiff.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

38.     Plaintiff repeats and realleges paragraphs 1-37.

39.     Defendant has wrongfully withheld agency records requested by Plaintiff by failing to conduct an adequate search for records responsive to Plaintiff's request, by failing to produce all records in the agency's possession responsive to Plaintiff's request, and by failing to adequately segregate responsive from non-responsive records.

40.     Plaintiff has exhausted applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

41.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

42.     order Defendant and its components to process immediately the requested records in their entirety;

43.     order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff;

44.     order Defendant to waive all fees associated with the processing and release of the requested records;

45.     provide for expeditious proceedings in this action

46.     award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

47.     grant such other relief as the Court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

1  DATED:  April 19, 2016

2                                              By  /s/ Mark Rumold

3                                                  Mark Rumold
                                                   Nathan D. Cardozo
4                                                  Aaron Mackey
                                                   ELECTRONIC FRONTIER FOUNDATION
5                                                  815 Eddy Street
                                                   San Francisco, CA  94109
6                                                  mark@eff.org

7                                                  Attorneys for Plaintiff
                                                   ELECTRONIC FRONTIER FOUNDATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552