BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
BRIAN STRETCH
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
RODNEY PATTON
Senior Counsel
JULIA BERMAN Bar No. 241415
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: (202) 616-8480
Fax: (202) 616-8470
Email: julia.berman@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 3:16-cv-02041-HSG |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | Hon. Haywood S. Gilliam Jr. |
| | Hearing Date: December 15, 2016 |
| Defendant. | Hearing Time: 2:00 p.m. |
| | **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

**PAGE**

NOTICE OF MOTION ................................................................................................................1

MOTION FOR PARTIAL SUMMARY JUDGMENT ................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................2

INTRODUCTION .......................................................................................................................2

FACTUAL BACKGROUND ......................................................................................................3

DISCUSSION ..............................................................................................................................6

I.      Legal Standard ...............................................................................................................6

II.     The Court Should Grant Partial Summary Judgment for the Defendant
Because Part 1 of the March 7, 2016 Request is Not a Proper FOIA Request ....................6

        A.     Specialized Training Would Be Required to Process Plaintiff's Request ...............9

        B.     Legal Research Would Be Required to Process Plaintiff's Request .........................9

        C.     Subjective Analysis Would Be Required to Process Plaintiff's Request ..............10

        D.     Records Responsive to Plaintiffs' Request Could Not Be Identified
with a Reasonable Amount of Effort ....................................................................12

CONCLUSION ..........................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**                                                                                                           **PAGE(S)**

*ACLU of N. Cal. v. Dep't of Justice*,
   2014 WL 4954121 (N.D. Cal. Sept. 30, 2014) .........................................................................14

*Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Commerce*,
   907 F.2d 203 (D.C. Cir. 1990)...............................................................................................8, 12, 13

*Animal Legal Def. Fund v. FDA*,
   --- F.3d ---, 2016 WL 4578362 (9th Cir. Sept. 2, 2016) .........................................................6

*Assassination Archives & Research Ctr. v. CIA*,
   720 F. Supp. 217 (D.D.C. 1989) ............................................................................................3

*Butler v. Nelson*,
   1997 WL 580331 (D. Mont. May 16, 1997)..........................................................................10

*Citizens Comm'n on Human Rights v. FDA*,
   45 F.3d 1325 (9th Cir. 1995) ...................................................................................................6

*Dale v. IRS*,
   238 F. Supp. 2d 99 (D.D.C. 2002) ..................................................................................6, 7, 8

*Electronic Privacy Information Center v. DEA*,
   --- F.3d ---, 2016 WL 4769324 (D.D.C. Sept. 13, 2016)..........................................................7

*Freedom Watch, Inc. v. CIA*,
   895 F. Supp. 2d 221 (D.D.C. 2012) ............................................................................... *passim*

*Freedom Watch, Inc. v. Dep't of State*,
   925 F. Supp. 2d 55 (D.D.C. 2013) ..........................................................................................8

*Goldstein v. IRS*,
   --- F. Supp. 3d ---, 2016 WL 1180157 (D.D.C. Mar. 25, 2016) .................................................6

*Hall & Assocs. v. EPA*,
   83 F. Supp. 3d 92 (D.D.C. 2015)...........................................................................................10

*Ioane v. Comm'r of the Internal Revenue Serv.*,
   2010 WL 2600689 (D. Nev. Mar. 11, 2010) ..........................................................................7

*Judicial Watch v. Exp.-Imp. Bank*,
   108 F. Supp. 2d 19 (D.D.C. 2000) ...........................................................................................7

*Judicial Watch, Inc. v. Dep't of State*,
   -- F. Supp. 3d. ---, 2016 WL 1367731 (D.D.C. Apr. 6, 2016)................................................2–3

*Lawyers' Comm. for Civil Rights v. Dep't of the Treasury*,
   534 F. Supp. 2d 1126 (N.D. Cal. 2008) ..................................................................................6

*Marks v. United States*,
   578 F.2d 261 (9th Cir. 1978) ............................................................................................... *passim*

*Matlack, Inc. v. EPA*,
   868 F. Supp. 627 (D. Del. 1994) ..................................................................................................6

*Nation Magazine, Washington Bureau v. U.S. Customs Service*,
   71 F.3d 885 (D.C. Cir. 1995) ....................................................................................................14

*Nat'l Sec. Counselors v. CIA*,
   960 F. Supp. 2d 101 (D.D.C. 2013) ....................................................................................11, 12

*NLRB v. Robbins Tire & Rubber Co.*,
   437 U.S. 214 (1978) .....................................................................................................................7

*Nurre v. Whitehead*,
   580 F.3d 1087 (9th Cir. 2009) .....................................................................................................8

*Our Children's Earth Found. v. EPA*,
   2008 WL 3181583 (N.D. Cal. Aug. 4, 2008) ..............................................................................6

*Peddie v. IRS*,
   1996 WL 571788 (D.D.C. July 31, 1996) .................................................................................10

*People for the Am. Way Found. v. Dep't of Justice*,
   451 F. Supp. 2d 6 (D.D.C. 2006) ..............................................................................................14

*Pub. Citizen, Inc. v. Dep't of Educ.*,
   292 F. Supp. 2d 1 (D.D.C. 2003) ..............................................................................................12

*Reeves v. United States*,
   1994 WL 782235 (E.D. Cal. Nov. 16, 1994) ............................................................................14

*Sack v. CIA*,
   53 F. Supp. 3d 154 (D.D.C. 2014) ............................................................................................12

*Satterlee v. IRS*,
   2006 WL 3160963 (W.D. Mo. Oct. 30, 2006) ..........................................................................10

*In re Scott*,
   709 F.2d 717 (D.C. Cir. 1983) ....................................................................................................6

*Shapiro v. CIA*,
   --- F. Supp. 3d ---, 2016 WL 1069646 (D.D.C. Mar. 17, 2016) .........................................11, 14

*Thomas v. FCC*,
   534 F. Supp. 2d 144 (D.D.C. 2008) ............................................................................................6

*Truitt v. Dep't of State*,
   897 F.2d 540 (D.C. Cir. 1990) ....................................................................................................8

*United States v. Marshall*,
   669 F.3d 288 (D.C. Cir. 2011) ....................................................................................................8

*Van Orden v. Perry*.,
    351 F.3d 173 (5th Cir. 2003), *aff'd* 545 U.S. 677 (2005) ........................................................... 8

*Vietnam Veterans of Am. Conn. Greater Hartford Chapter 120 v. Dep't of Homeland Sec.*,
    8 F. Supp. 3d 188 (D. Conn. 2014) .............................................................................................. 14

*Weirich v. Bd. of Governors of the Fed. Reserve Sys.*,
    2010 WL 4717211 (E.D. Wash. Nov. 15, 2010) ........................................................................... 6

*West v. Jackson*,
    448 F. Supp. 2d 207 (D.D.C. 2006) ............................................................................................. 10

*Yeager v. DEA*,
    678 F.2d 315, 326 (D.C. Cir. 1982) ............................................................................................. 14

**STATUTES**

5 U.S.C. § 552(a) .................................................................................................................... 6, 7, 8, 9
50 U.S.C. § 1803 ............................................................................................................................... 3
USA FREEDOM Act of 2015,
    Pub. L. 114-23, 129 Stat. 268 (2015) ..................................................................................... 3, 5, 11

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 56 ........................................................................................................................... 2, 6

**REGULATIONS**

28 C.F.R. § 16.3(b) .............................................................................................................................. 7

**LEGISLATIVE MATERIAL**

H.R. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6271 ..................................... 3

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
BRIAN STRETCH
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
RODNEY PATTON
Senior Counsel
JULIA BERMAN Bar No. 241415
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: (202) 616-8480
Fax: (202) 616-8470
Email: julia.berman@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 3:16-cv-02041-HSG |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | Hon. Haywood S. Gilliam Jr. |
| | Hearing Date: December 15, 2016 |
| Defendant. | Hearing Time: 2:00 p.m. |
| | **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on December 15, 2016, at 2:00 p.m. in Courtroom 10, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant

Department of Justice, by and through undersigned counsel, will move this Court for partial summary judgment on all of Plaintiff's claims related to its March 7, 2016 Freedom of Information Act ("FOIA") request.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Department of Justice hereby moves for partial summary judgment on all of Plaintiffs' claims related to its March 7, 2016 FOIA request pursuant to Federal Rule of Civil Procedure 56 and the Freedom of Information Act, 5 U.S.C. § 552, for the reasons more fully set forth in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

Rather than submit a proper request under the Freedom of Information Act ("FOIA"), Plaintiff in this case has submitted a request that the Department of Justice undertake a legal research project of breathtaking proportions.  Complying with Plaintiff's March 7, 2016 request would require the Defendant to manually review every single Foreign Intelligence Surveillance Court ("FISC") and Foreign Intelligence Surveillance Court of Review ("FISCR") decision, order, or opinion in over 30,000 dockets spanning nearly four decades from 1978 through June 1, 2015.  And, for each one of those decisions, orders, and opinions, a reviewer would have to determine whether they "include[d] a significant construction or interpretation of any provision of law" as that law was understood at the time each was issued.  To begin to undertake such a task, any reviewer would require a law degree, and a command of the history of the jurisprudence of the FISC as well as other courts interpreting relevant constitutional and federal law.  But even with this requisite expertise, the task would involve a significant full-time effort that could take years to complete and would involve an application of the reviewer's professional and subjective judgment that is beyond the scope of what a FOIA request may ask of an agency.

Although Plaintiff has filed a Complaint seeking relief under the FOIA, the statute imposes no obligation on an agency to process such a request; "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Judicial Watch, Inc. v.*

*Dep't of State*, -- F. Supp. 3d. ---, 2016 WL 1367731, at *4 (D.D.C. Apr. 6, 2016) (quoting *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989)).  A proper FOIA request must reasonably describe the record sought, and "enable[] a professional employee of the agency who [i]s familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (quoting H.R. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6271).  Because Plaintiff's March 7, 2016 request does not meet this standard, Defendant respectfully asks that the Court grant summary judgment for the Defendant as to Plaintiff's claims arising from that request.

**FACTUAL BACKGROUND**

In a letter dated March 7, 2016, the Plaintiff submitted a request seeking:

- Any "decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e))," issued from 1978 to June 1, 2015, "that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term.'" USA FREEDOM Act, Pub. L. 114-23, § 402(a) (2015), codified at 50 U.S.C. § 1872(a).[1]

- Any "decision, order, or opinion issued by the [FISC] or the [FISCR] (as defined in section 601(e))," issued from June 2, 2015 to present, "that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term.'" USA FREEDOM Act, Pub. L. 114-23, § 402(a) (2015), codified at 50 U.S.C. § 1872(a).

*See* Answer, ECF No. 12, Exhibit B ("March 7, 2016 Request") at 1.  The FOIA and Declassification Unit of the National Security Division of the Department of Justice (the "FOIA and Declassification Unit") acknowledged receipt of this request in a letter dated March 14, 2016.  *See* Declaration of G. Bradley Weinsheimer, Sept. 22, 2016, attached hereto as Exhibit 1

---

[1] Congress established the FISC and the FISCR in 1978 when it enacted the Foreign Intelligence Surveillance Act ("FISA").  *See* 50 U.S.C. § 1803(a), (b).  "Pursuant to FISA, the [FISC] entertains applications submitted by the United States Government for approval of electronic surveillance, physical search, and other investigative actions for foreign intelligence purposes."  About the Foreign Intelligence Surveillance Court, http://www.fisc.uscourts.gov/about-foreign-intelligence-surveillance-court (last visited Sept. 21, 2016).  The FISCR is a court of review that has jurisdiction to review the decisions of the FISC.  *See* 50 U.S.C. § 1803(b).

("Weinsheimer Decl.") ¶ 4.

On March 25, 2016, employees of the FOIA and Declassification Unit spoke with counsel for Plaintiff to try to narrow the scope of Part 1 of the March 7, 2016 Request, that portion pertaining to decisions, orders, or opinions issued from 1978 to June 1, 2015. *Id.* ¶¶ 4, 5. Plaintiff declined to narrow the scope of the request, and instead sought release of any responsive records on a prioritized schedule. *Id.* ¶ 5. In an email dated April 5, 2016, the Plaintiff offered "suggestions for prioritization of opinions" responsive to the March 7, 2016 Request, listing as suggested priorities:

(1) opinions that authorize particularly novel surveillance techniques or actions, or techniques that affect significant numbers of people;

(2) opinions addressing violations of laws or court orders;

(3) opinions that established new rules, or authoritatively construed laws, and that remain in current use by the FISC and IC;

(4) opinions that, within NSD or the IC, are considered foundational or otherwise critical to understanding government national security surveillance authorities; and

(5) recently issued opinions (e.g., those issued after 2001).

*Id.* ¶ 6. This proposed prioritization, however, did not narrow the Plaintiff's request in any way.

Plaintiff filed the instant action on April 19, 2016, alleging violations of FOIA with respect to the March 7, 2016 Request.[2] *See* Complaint, ECF No. 1. Following the Plaintiff's initiation of this action, the parties continued to confer regarding this request. *See* Joint Case Management Conference Statement, ECF No. 23, at 2-3. Although the parties could not reach agreement with

---

[2] Plaintiff's Complaint also alleges violations of FOIA with respect to a second FOIA request, submitted on October 8, 2015 (the "October 8, 2015 request"), *see* Compl. ¶¶ 20–30, which is not addressed in this Motion for Partial Summary Judgment. As explained in the Defendant's Unopposed Administrative Motion to Modify Briefing Schedule to Provide for Cross-Motions for Partial Summary Judgment, ECF No. 27, the Defendant is processing this second request and will provide Plaintiff with a response to that request by October 7, 2016. *See id.* at 3. Subsequently, the parties will notify the Court on or before November 7, 2016, whether any briefing regarding that request will be necessary. *See id.*

respect to Part 1 of the request, the Defendant has processed Part 2, the portion of the request that sought FISC and FISCR decisions, orders, and opinions issued after June 2, 2015.[3]  *Id.*  In response to Part 2 of the request, the Defendant has produced the following eight records, most of which are redacted in part to protect classified information and in part to protect information protected by statute:[4]

    (1)  *In re A U.S. Person*, PR/TT 15-52 (June 18, 2015);

    (2)  [Redacted], (Nov. 6, 2015);

    (3)  *In re Application of the FBI for Orders Requiring the Production of Call Detail Records*, [Redacted] (Dec. 31, 2015);

    (4)  *In re Applications of the FBI for Orders Requiring the Production of Tangible Things*, BR 15-77, 15-78 (June 17, 2015);

    (5)  *In re Application of the FBI for an Order Requiring the Production of Tangible Things*, BR 15-75 (June 29, 2015); and

    (6)  *In re Application of the FBI for an Order Requiring the Production of Tangible Things*, BR 15-99 (Nov. 24, 2015);

    (7)  *In re A U.S. Person*, PR/TT 2016 (Feb. 12, 2016); and

    (8)  *In re Certified Question of Law*, FISCR 16-01 (Apr. 14, 2016).

---

[3] Unlike Part 1 of the March 7, 2016 Request, the responsive documents to Part 2 of the request were readily identifiable.  On June 2, 2015, Congress enacted the USA FREEDOM Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 ("the USA FREEDOM Act"), which, *inter alia*, requires "a declassification review of each decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e)) that includes a significant construction or interpretation of any provision of law."  *See id.*  The statute, however, "contains guideposts which permit the government, *on a prospective basis*, to reasonably identify those orders, opinions, and decisions that, *in the opinion of the* FISC, present novel or significant interpretations of law."  Weinsheimer Decl. ¶ 17.  For example, the USA FREEDOM Act "requires the FISC to appoint amicus curiae to assist it in the consideration of matters that in the opinion of the court present 'novel or significant interpretations of the law, unless the court issues a finding that such appointment is not appropriate."  *Id.* (quoting 50 U.S.C. §1803(i)(2)).  As a result, the decisions, orders, and opinions of the FISC and FISCR issued on or after June 2, 2015 that were responsive to Part 2 of the request were "readily identifiable because they were previously publicly disclosed" pursuant to this statutory mandate.  *See id.*

[4] Such information is exempt from disclosure under FOIA Exemptions (b)(1) and (b)(3).

*Id.* The Plaintiff has indicated that it will not be challenging the withholdings in those documents, and, therefore, only Part 1 of the March 7, 2016 Request remains in contention between the parties.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also, e.g.*, *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1329 (9th Cir. 1995). "Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law." *Animal Legal Def. Fund v. FDA*, --- F.3d ---, 2016 WL 4578362 (9th Cir. Sept. 2, 2016); *see also Lawyers' Comm. for Civil Rights v. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA determinations should be resolved on summary judgment.").

### II. The Court Should Grant Partial Summary Judgment for the Defendant Because Part 1 of the March 7, 2016 Request is Not a Proper FOIA Request.

"[T]he FOIA does not mandate that [agencies] comply" with every request for records that they receive. *Marks v. United States*, 578 F.2d 261, 263 (9th Cir.1978). Rather, "[a]n agency's obligation under the FOIA does not arise . . . until a *proper* request is received." *Thomas v. FCC*, 534 F. Supp. 2d 144, 145 (D.D.C. 2008) (emphasis added); *see also, e.g.*, *Goldstein v. IRS*, --- F. Supp. 3d ---, 2016 WL 1180157, at *4 (D.D.C. Mar. 25, 2016) ("An agency's obligations commence upon receipt of a *valid* request") (emphasis added) (quoting *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002));[5] *Weirich v. Bd. of Governors of the Fed. Reserve Sys.*, 2010 WL 4717211, at *4 (E.D. Wash. Nov. 15, 2010) ("The statutory time limits for an agency's response are not triggered until a *proper* FOIA request is received.").

---

[5] Because the statute grants the district court in the District of Columbia venue for all FOIA cases, *see* 5 U.S.C. § 552(a)(4)(B), courts in that jurisdiction have particular expertise in FOIA. In *Our Children's Earth Found. v. EPA*, 2008 WL 3181583 (N.D. Cal. Aug. 4, 2008), the court recognized that the holdings of the D.C. courts interpreting FOIA were "entitled to appropriate deference." *Id.* at *6. The court highlighted these decisions noting that "Congress believed District of Columbia courts had 'substantial expertise in working with the FOIA,'" *id.* (citing and quoting *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983)), and that the federal courts in the District of Columbia "have 'long been on the leading edge' of interpreting the FOIA," *id.* (quoting *Matlack, Inc. v. EPA*, 868 F. Supp. 627, 630 & n.3 (D. Del. 1994)).

FOIA provides a two-part test for determining when a request is proper; the statute indicates that an agency must make records available only upon receipt of a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). While these threshold requirements are "minimal," *Dale*, 238 F. Supp. 2d at 103, they must be fulfilled before a requestor can take advantage of FOIA's access procedures. If either requirement is not met, a plaintiff has not submitted a proper FOIA request, and has failed to exhaust administrative remedies as required by the statute. Such a failure warrants dismissal of a plaintiff's claims. *See, e.g.*, *Dale*, 238 F. Supp. 2d at 10; *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012) ("Omitting one of the two threshold requirements for a proper FOIA request . . . warrants dismissal." (citation omitted)); *Ioane v. Comm'r of the Internal Revenue Serv.*, 2010 WL 2600689, at *4 (D. Nev. Mar. 11, 2010) ("A party must exhaust administrative remedies under the FOIA before it can seek judicial review, [and]. . . . [f]ailure to file a perfected request constitutes a failure to exhaust administrative remedies.") (quotations omitted).[6]

The FOIA "imposes a general obligation on the government to provide records to the public," *Electronic Privacy Information Center v. DEA*, --- F.3d ---, 2016 WL 4769324, at *3 (D.D.C. Sept. 13, 2016); "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Id.* (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). "Congress did not intend, however, 'to reduce government agencies to full-time investigators on behalf of requesters.'" *Id.* (quoting *Judicial Watch v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000)); *see also Marks*, 578 F.2d at 263 (concluding that "[i]t would be an unreasonable interpretation of the FOIA to construe it to require a search of the kind envisioned by

---

[6] Here, Defendant's regulations mirror FOIA's requirement that a request "reasonably describe" the records sought; Department of Justice regulations provide that "[r]equesters must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." 28 C.F.R. § 16.3(b). Thus, for the same reasons that the request at issue does not comply with FOIA, *see infra*, at 7-13, it also fails to comply with the applicable regulations.
.

7
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
Case No. 3:16-cv-02041-HSG

[the plaintiff]"). Thus, to ensure that requests under FOIA do not monopolize the resources of federal agencies, Congress included in the statute a threshold requirement that a request under FOIA "reasonably describe[]" the records sought. 5 U.S.C. § 552(a)(3)(A)(i).

The Ninth Circuit Court of Appeals has held that a description is sufficient if it would "enable[] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Marks*, 578 F.2d at 263; *see also, e.g.*, *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (applying the "professional employee" test); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 62 (D.D.C. 2013) (same). Even when a request "might identify the documents requested with sufficient precision to enable an agency to identify them," a request nonetheless does not "reasonably describe" the records sought if it would "impose an unreasonable burden on the agency." *Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990).

The professional-employee test is an objective test[7] that courts can apply based on an examination of a given FOIA request "on its face." *Dale*, 238 F. Supp. 2d at 105 (finding that the document request at issue was deficient "on its face"). Agencies need not introduce evidence that *their* professionals are incapable of locating the requested records with a reasonable amount of effort. "To say otherwise retreats from the objective test" of the professional employee, *Van Orden v. Perry*. 351 F.3d 173, 182 (5th Cir. 2003) (discussing the Establishment Clause's endorsement test), *aff'd* 545 U.S. 677 (2005), and would focus instead on the ingenuity of the particular FOIA officer that received a given request. Nothing in the statute suggests that the validity of a document request turns on the cleverness of the person to whom that request is assigned. *See* 5 U.S.C. § 552(a)(3)(A)(i).

---

[7] Federal courts have long held that similar tests looking to the hypothetical behavior of reasonably competent professionals are indeed objective tests. For example, the test for constitutional effective assistance of counsel, which asks whether "counsel's acts or omissions fall outside the wide range of professionally competent assistance based on prevailing norms of practice and the facts of the particular case, viewed as of the time of counsel's conduct," is "an objective standard of reasonableness." *United States v. Marshall*, 669 F.3d 288, 293 (D.C. Cir. 2011) (citations and alterations omitted). Likewise, the Establishment Clause's endorsement test, which "ask[s] whether a reasonable observer who is informed and familiar with the history of the government practice at issue, would perceive the action as having a predominantly non-secular effect" is also "an objective test." *Nurre v. Whitehead*, 580 F.3d 1087, 1096 (9th Cir. 2009) (citations and alterations omitted). FOIA's professional-employee test is no different.

As discussed below, Plaintiff's request at issue here cannot satisfy the professional-employee test for four reasons.

### A.  Specialized Training Would Be Required to Process Plaintiff's Request.

First, contrary to the well-established rule that a "professional employee of the agency who [is] familiar with the subject area" must be able to identify the records sought, *see supra*, at 6-7, Plaintiff's request "cannot be processed by a Department employee within the FOIA and Declassification Unit," *see* Weinsheimer Decl. ¶ 15.  Rather, within NSD, an attorney or attorneys from the Office of Intelligence, which handles FISA litigation before the FISC and FISCR for the Government, would have to be diverted from important operational work to be the reviewer(s) who tried to determine, as a preliminary matter, whether the text of each order, opinions, or decision might qualify as a "significant construction of law."  *See id.* ¶¶ 9, 15.  Nevertheless, even if a sufficient number of those attorneys were diverted from their operational responsibilities, in an attempt to process Part 1 of this FOIA request, they would, as explained below, need to be either legal historians or would have to conduct significant legal research at nearly every turn.  *Id.* ¶ 15. And, to reduce the risk of an inconsistent application of what constitutes a "significant" or "novel" interpretation of law (which is essentially a subjective standard), the number of attorneys who could be assigned to such a daunting task would by necessity have to be relatively small.  *Id.*

### B.  Legal Research Would Be Required to Process Plaintiff's Request.

Second, as noted above, even if the Defendant were to assign an attorney or team of attorneys, to conduct this review, an attorney's qualifications and training, while necessary, would not be sufficient to process this request.  That attorney either would have to possess an encyclopedic knowledge of the history of FISA and other areas of law,[8] or the attorney(s) would have to conduct extensive legal research.  *Id.* ¶ 14.  This is so because the attorney reviewer(s) would need to determine whether the FISC's determination therein was "significant" at the time it was rendered.  For example, a particular interpretation of law may not be novel or significant now, in 2016, but it could very well have been in 2005 or in 1980.  *Id.*  Accordingly, a reviewer would

---

[8] The attorney-reviewer would need knowledge of other areas of law as well because Part 1 of the request seeks, among other things, decisions, orders, or opinions containing "significant construction or interpretation of *any provision of law*."  *See* Weinsheimer Decl. ¶ 14.

9
DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
Case No. 3:16-cv-02041-HSG

have to place each decision, order, or opinion into its proper historical context (e.g., was this the first time a particular surveillance technique was authorized by the FISC; were there Fourth Amendment implications regarding its use; were other provisions of federal law implicated and if so how… ?); conduct legal research to identify applicable law; and then analyze that document against the state of applicable law at that time in order to determine whether it was "significant" or "novel" from a legal perspective at the time it was issued.  *Id.*[9]

Plaintiff's request—which would require an attorney-reviewer to conduct legal research—is improper under FOIA.  *See, e.g.*, *Satterlee v. IRS*, 2006 WL 3160963, at *3 (W.D. Mo. Oct. 30, 2006) (holding that defendant did not submit a proper FOIA request where the request, *inter alia*, "would require the IRS to conduct legal research"); *West v. Jackson*, 448 F. Supp. 2d 207, 212 (D.D.C. 2006) ("An agency is not required to . . . perform legal research for the requester"); *Butler v. Nelson*, 1997 WL 580331, at *3 (D. Mont. May 16, 1997) (rejecting as improper requests that, *inter alia*, "would require the defendant to perform legal research").[10]

### C. Subjective Analysis Would Be Required to Process Plaintiff's Request.

Third, even if the attorney-reviewer was equipped with an understanding of the full legal and factual import of a particular FISC order, decision, or opinion at the time the court took that action, the attorney-reviewer would need to apply his or her own professional legal judgment to determine whether the court's action was "significant" or "novel."  *See* Weinsheimer Decl. ¶ 14.

---

[9] Indeed, with some FISC decisions, the meaning and import—and thus the potential responsiveness to Part 1 of the FOIA request—of each decision, order, or opinion may not be readily apparent from its content.  *See* Weinsheimer Decl. ¶ 13.  "For example, a reviewer may find an order from 1985 authorizing the use of a particular surveillance technique 'as described in the application.'"  *Id.*  To determine the import of that order, and thus its potential responsiveness to the request, the attorney-reviewer "would need to identify and then carefully review related documents (e.g., applications, memoranda of law, etc.) and then may have to conduct independent legal research in order to determine the significance (or lack thereof) of the order."  *Id.*  And then the attorney-reviewer could begin the process of determining whether the decision was legally significant.  "Not only would this significantly add to the processing time each time a reviewer encountered such an order, but it underscores the point that responsive documents cannot be located simply by entering search terms into a database."  *Id.*

[10] *See also, e.g.*, *Peddie v. IRS*, 1996 WL 571788, at *2 (D.D.C. July 31, 1996) ("Because these requests require legal research . . . they are not proper FOIA requests[.]"); *cf. Hall & Assocs. v. EPA*, 83 F. Supp. 3d 92, 102 (D.D.C. 2015) ("[A]n agency is not required to . . . conduct research in response to a FOIA request[.]").

Since the attorney-reviewer would have no objective criteria with which to make such determinations, those judgments necessarily would be subjective, *id.*, and would thus impose "a layer of subjective analysis onto the agency's response effort which the FOIA does not require." *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 158 (D.D.C. 2013); *see also Shapiro v. CIA*, --- F. Supp. 3d ---, 2016 WL 1069646, at *4 (D.D.C. Mar. 17, 2016) (distinguishing between potentially appropriate requests requiring "ministerial" determinations, and improper requests requiring "subjective" determinations such as those requesting records "pertaining to" a subject); *Freedom Watch*, 895 F. Supp. 2d at 229 (rejecting a request that would have required federal employees to "make complicated determinations" about whether crimes had been committed).

In *National Security Counselors*, the court rejected a request that would have required the CIA to assess whether the variety of intelligence targets represented in its response was "reasonable," and to engage in "sifting and analysis" to find a certain number of reports, for each year within a range, regarding individuals in each category of intelligence targets represented. 960 F. Supp. 2d at 158. The court held that "vague and malleable terms like 'reasonable variety'" rendered the plaintiff's request improper under FOIA. *Id.* Here, Plaintiff's use of the term "significant" in Part 1 of its March 7, 2016 Request is improper for the same reasons; it is a "vague and malleable" term that requires judgments by the agency's FOIA officers above and beyond that which FOIA permits a requester to demand.[11]

In *Freedom Watch, Incorporated*, too, the court emphasized that an agency cannot be required to undertake such "complicated determinations" in response to a FOIA request. 895 F. Supp. 2d at 229. In that case, the request at issue would have required the CIA "to undertake an investigation and then draw legal conclusions based on the investigation's findings" regarding whether a "leak[]" had occurred. *Id.* Although the legal research and analysis that Plaintiff's request in this case would require is different, the principle is the same; a FOIA request cannot

---

[11] That the legal significance of a FISC or FISCR decision is a matter of subjective opinion is borne out by the language of the USA FREEDOM Act, which states in section 401 that the FISC and the FISCR "appoint an individual . . . to serve as amicus curiae to assist such court in the consideration of any application for an order or review that, *in the opinion of the court*, presents a novel or significant interpretation of the law, unless the court issues a finding that such appointment is not appropriate." USA FREEDOM Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 (emphasis added).

require an agency to undertake complex research and formulate legal conclusions as Plaintiff seeks to do here.

### D. Records Responsive to Plaintiffs' Request Could Not Be Identified with a Reasonable Amount of Effort.

As the Ninth Circuit Court of Appeals explained in *Marks*, a FOIA request "reasonably describes" the records sought only if responsive records can be identified "with a *reasonable* amount of effort.'" 578 F.2d at 263 (emphasis added). Thus, "[e]ven where a request 'identifies the documents requested with sufficient precision to enable the agency to identify them,' the request may still fail to 'reasonably describe[]' the records sought, if it is 'so broad as to impose an unreasonable burden upon the agency." *Nat'l Sec. Counselors*, 960 F. Supp. 2d at 163 (quoting *Am. Fed'n of Gov't Emps.*, 907 F.2d at 209); *see also Freedom Watch*, 895 F. Supp. 2d at 229 ("An agency need not honor a [FOIA] request that requires 'an unreasonably burdensome search'") (quoting *Am. Fed'n of Gov't Emps.*, 907 F.2d at 209).

An agency asserting that a requested search could not be accomplished with a reasonable amount of effort, and therefore would be unduly burdensome, "must . . . provide a sufficient explanation why" that is the case. *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6 (D.D.C. 2003). "Although the D.C. Circuit has cautioned against 'an undiscriminating adoption' of agency claims, an agency's affidavit detailing the reasons that searches are unreasonably burdensome should be accepted unless there is some reason to believe that the documents could be located without an unreasonably burdensome search." *Sack v. CIA*, 53 F. Supp. 3d 154, 165 (D.D.C. 2014) (citation omitted).

Here, Defendant has provided a detailed declaration explaining the unparalleled breadth and subjective nature of Plaintiff's request and the number of years at issue—nearly four decades. To process the request, NSD attorneys would have to carefully examine each order, decision, and opinion in tens of thousands of dockets. *See* Weinsheimer Decl. ¶ 16.[12] While it is impossible to predict with any precision how long a review of this magnitude might take, since each docket

---

[12] The reference to tens of thousands of dockets refers to the FISC dockets, not the FISCR dockets. Since its inception, the FISCR has convened on three occasions to consider matters either appealed from the FISC or certified to it by the FISC. The FISCR has issued three substantive opinions in response to those matters, all of which have been publicly released. *See* Weinsheimer Decl. ¶ at 5 n.4.

contains varying numbers of orders and/or, decisions, and/or opinions, and the assessment and research related to each could vary widely depending upon the content/subject of the particular document (and the state of the related law), *id.*, it "would involve a significant full-time effort that could take years" such that the burden on agency resources would be significant.[13]  A manual full-text review of every such document would be required because Plaintiff's request, seeking any "significant" interpretation of law, cannot be reduced to search terms that could reasonably be expected to return all records responsive to Plaintiff's request.  *Id.* ¶¶ 12, 16.  This is so because there is no reason to believe that the FISC, before June 2, 2015, would have used the word "significant" when rendering an opinion or issuing an order that, at the time, would have been considered a "significant construction or interpretation" of law.  *Id.* ¶ 12.  Nor does the language of Part 1 of the request suggest specific search terms that could be reasonably designed to capture all of the documents potentially responsive to the request.  *Id.*  Rather, each decision, order, or opinion—in every one of over 30,000 dockets—would need to be read in full text manually.  *Id.*; *see Freedom Watch*, 895 F. Supp. 2d at 229 (A request imposes an unreasonable burden if it "would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material.") (quoting *Am. Fed'n of Gov't Emps., Local 2782*, 907 F.2d at 209).

Moreover, as discussed above, the manual review would be only the beginning of the process.  Attorney-reviewers would need to possess extensive expertise as to the state of the law at the time each decision, order, and opinion was rendered during this 37 year time frame, or those reviewers would need to conduct extensive legal research and analysis to identify any "significant" interpretations of law in each decision, order, and opinion as of the time they were issued.  *See supra*, at 7-10 (explaining the steps that would be required to process Part 1 of the March 7, 2016 Request).  This additional layer of complexity elevates the burden of this request far beyond that imposed by the already immense task of manually searching orders, decisions, and opinions in over 30,000 dockets.

Courts examining less demanding requests in other contexts have rejected them as

---

[13] While Defendant does not anticipate that a search ultimately would yield a voluminous set of responsive records, Weinsheimer Decl. ¶ 16, the process of identifying those records would be unduly burdensome for all of the reasons described above and in the declaration of G. Bradley Weinsheimer.

impermissibly overbroad. For example, in *Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885 (D.C. Cir. 1995), the D.C. Circuit affirmed the district court's decision that it was unreasonable to ask an agency to search through 23 years of unindexed files for records pertaining to one individual (Ross Perot). *Id.* at 891–92. And, in *Reeves v. United States*, 1994 WL 782235 (E.D. Cal. Nov. 16, 1994), the court found a request for documents regarding the plaintiffs' individual tax records from a thirteen-year timeframe to be improper because it did not "specify distinct documents or time periods." *Id.* at *2; *see also, e.g.*, *ACLU of N. Cal. v. Dep't of Justice*, 2014 WL 4954121, at *8 (N.D. Cal. Sept. 30, 2014) (recognizing that a manual search of 12,699 matters "could be unduly burdensome"); *Vietnam Veterans of Am. Conn. Greater Hartford Chapter 120 v. Dep't of Homeland Sec.*, 8 F. Supp. 3d 188, 203–04 (D. Conn. 2014) (review of 26,000 individual "separation packets" containing personnel records of servicemembers, averaging 50 pages each, would have been unduly burdensome); *People for the Am. Way Found. v. Dep't of Justice*, 451 F. Supp. 2d 6, 15–16 (D.D.C. 2006) (finding that a manual search of 44,000 files that would not require additional legal research or analysis would be unduly burdensome, but leaving open the question of whether an alternative search using electronic systems[14] might be possible).[15]

      To a greater extent than any of these cases, processing Plaintiff's request at issue here—an undertaking that would entail a manual review of vast quantities of information, followed by legal research and subjective analysis that would need to be brought to bear in each instance after any potentially responsive decision, order, or opinion was identified—would unduly burden agency resources, and could not be accomplished with "a reasonable amount of effort." *See* Weinsheimer Decl. ¶¶ 11–16. For this reason, too, the Court should grant summary judgment for Defendant as to the March 7, 2016 Request.

---

[14] As explained above, here, no electronic search could supplant the document-by-document full-text manual review that Plaintiff's request would necessitate. *See supra*, at 11–12.

[15] *But see, e.g.*, *Shapiro*, 2016 WL 1069646 at * 4–5 (finding, *inter alia*, the number of records alone to be irrelevant to the determination of whether they have been "reasonably described," citing *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982), and holding that conclusory statements about burden would not be sufficient to support an agency's argument that it should not be required to respond to the FOIA request at issue). As explained above, in the instant case, the undue burden that would be imposed by this request does not arise solely from the volume of documents to be manually reviewed, but rather from all of the reasons set forth above that make this an improper FOIA request.

**CONCLUSION**

For all of these reasons, the Court should grant Defendant summary judgment with respect to Plaintiff's claims arising from the March 7, 2016 Request.

Dated: September 22, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

BRIAN STRETCH
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

 */s/ Julia A. Berman*
RODNEY PATTON
Senior Counsel
JULIA A. BERMAN Bar No. 241415
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 616-8480
Facsimile:  (202) 616-8470

*Attorneys for Defendant*