1
MARK RUMOLD (SBN 279060)
mark@eff.org
2
NATHAN D. CARDOZO (SBN 259097)
nate@eff.org
3
AARON MACKEY (SBN 286647)
amackey@eff.org
4
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
5
San Francisco, CA 94109
Telephone: (415) 436-9333
6
Facsimile: (415) 436-9993

7

Attorneys for Plaintiff
8
ELECTRONIC FRONTIER FOUNDATION

9

## UNITED STATES DISTRICT COURT
10

## FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

## SAN FRANCISCO DIVISION
12

13  ELECTRONIC FRONTIER FOUNDATION,  )  Case No. 16-cv-02041-HSG
  )
                             )
14                 Plaintiff,  )  **NOTICE OF MOTION AND CROSS**
  )  **MOTION FOR PARTIAL SUMMARY**
15         v.              )  **JUDGMENT AND OPPOSITION TO**
  )  **DEFENDANTS' MOTION FOR**
16  UNITED STATES DEPARTMENT  )  **SUMMARY JUDGMENT**
  OF JUSTICE,           )
17                         )  Date: December 15, 2016
               Defendant.  )  Time: 2:00 pm
18                         )  Courtroom: Courtroom 10—19th Floor
  )  Hon. Haywood S. Gilliam Jr.

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 15, at 2:00 pm in the United States Courthouse at San Francisco, California, Plaintiff, Electronic Frontier Foundation ("EFF"), will, and hereby does, cross move this Court for partial summary judgment.

Pursuant to Federal Rule of Civil Procedure 56, EFF seeks a court order requiring the government to release records under the Freedom of Information Act, 5 U.S.C. § 552. EFF respectfully asks that this Court issue an order requiring the government to process and release all records improperly withheld from the public. This cross motion is based on this notice of motion, the memorandum of points and authorities in support of this cross motion, and all papers and records on file with the Clerk or which may be submitted prior to or at the time of the hearing, and any further evidence which may be offered.

DATED: October 13, 2016          Respectfully submitted,


                                 _____/s/ Mark Rumold_____
                                 Mark Rumold

                                 ELECTRONIC FRONTIER FOUNDATION
                                 815 Eddy Street
                                 San Francisco, CA 94109
                                 Telephone: (415) 436-9333
                                 Facsimile: (415) 436-9993
                                 Attorneys for Plaintiff
                                 ELECTRONIC FRONTIER FOUNDATION

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKROUND ........................................................................................................ 2

I.    Section 402 of the USA FREEDOM Act requires the declassification and disclosure of all "significant" FISC opinions. .................................................................. 2

II.   EFF's previous litigation with DOJ concerning "significant" FISC opinions. ................... 4

III.  EFF's Request seeks the disclosure of any "significant" FISC opinion, regardless of when it was written, which Section 402 requires to be declassified and released. ......... 5

PROCEDURAL BACKGROUND .............................................................................................. 6

ARGUMENT .............................................................................................................................. 7

I.    FOIA establishes a presumption of disclosure, and the government bears the burden of demonstrating that withheld records are clearly exempt. ..................................... 7

II.   The agency has improperly refused to process EFF's FOIA request, which reasonably describes a narrow and readily identifiable body of "significant" FISC opinions. .............. 8

    A.   The body of "significant" FISC opinions DOJ has produced to its congressional oversight bodies for over a decade constitutes a readily identifiable body of records responsive to EFF's Request. ........................................................................ 10

    B.   DOJ has identified "significant" FISC opinions in response to other EFF FOIA litigation. ................................................................................................................... 11

    C.   The government's arguments—concerning the need for specialized training, for legal research, for subjective analysis, and the effort required to locate responsive records—all lack merit. ......................................................................................... 12

III.  None of the "significant" FISC opinions responsive to EFF's Request may be withheld in full under FOIA because Section 402 of USA FREEDOM requires them to be declassified and released. ...................................................................................... 17

    A.   The plain text of USA FREEDOM requires DOJ to declassify and release "significant" FISC opinions. ..................................................................................... 17

    B.   Section 402's legislative history supports the plain textual requirement that the government declassify and release all "significant" FISC opinions. ........................ 18

    C.   Section 402 imposes a prospective declassification requirement that raises no retroactivity concerns. ..................................................................................... 20

CONCLUSION ............................................................................................................................ 21

## Cases

*ACLU of Northern California v. Dep't of Justice*,
  No. 12-cv-04008-MEJ, 2014 WL 4954121
  (N.D. Cal. Sept. 30, 2014) ............................................................... 9, 13

*ACLU v. FBI*,
  59 F. Supp. 3d 584 (S.D.N.Y. 2014) ............................................................... 4

*ALDF v. FDA*, __F.3d__,
  2016 WL 4578362 (9th Cir. 2016) ............................................................... 8

*BedRoc Ltd. v. United States*,
  541 U.S. 176 (2004) ............................................................... 17

*Butler v. Nelson*,
  1997 WL 580331 (D. Mont. May 16, 1997) ............................................................... 14

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................... 8

*Dep't of Interior v. Klamath Water Users Protective Ass'n*,
  532 U.S. 1 (2001) ............................................................... 8

*Dep't of Justice v. Reporters Comm. for Freedom of the Press*,
  489 U.S. 749 (1989) ............................................................... 7

*Dep't of Justice v. Tax Analysts*,
  492 U.S. 136 (1989) ............................................................... 8

*EFF v. Dep't of Justice*,
  11-cv-5221-YGR (N.D. Cal) ............................................................... 4, 11, 12, 17

*EFF v. Dep't of Justice*,
  141 F. Supp. 3d 51 (D.D.C. 2015) ............................................................... 5, 17

*EFF v. Dep't of Justice*,
  14-cv-00760-RMC (D.D.C.) ............................................................... 4, 20

*EFF v. Dep't of Justice*,
  2014 WL 3945646 (N.D. Cal. Aug. 11, 2014) ............................................................... 17

*EFF v. Dep't of Justice*,
  57 F. Supp. 3d 54 (D.D.C. 2014) ............................................................... 10

*EFF v. Dep't of Justice*, 11-cv-0441-ABJ (D.D.C.) ............................................................... 4

*Feshbach v. SEC*,
  5 F. Supp. 2d 774 (N.D. Cal. 1997) ............................................................... 8

*Freedom Watch, Inc. v. CIA*,
  895 F. Supp. 2d 221 (D.D.C. 2012) ............................................................... 15

*Gustafson v. Alloyd Co.*,
  513 U.S. 561 (1995) ............................................................... 11

*Halpern v. FBI*,
  181 F.3d 279 (2d Cir. 1999) ............................................................... 21

*Lamie v. United States Trustee*,
    540 U.S. 526 (2004) ............................................................................................ 17

*Landgraf v. USI Film Prods.*,
    511 U.S. 244 (1994) ...................................................................................... 20, 21

*Marks v. Dep't of Justice*,
    578 F.2d 261 (9th Cir. 1978) ......................................................................... 9, 13

*Meeropol v. Meese*,
    790 F.2d 942 (D.C. Cir. 1986) ............................................................................ 14

*Metro One Communications, Inc. v. C.I.R.*,
    704 F.3d 1057 (9th Cir. 2012) ............................................................................. 18

*Nat'l Sec. Counselors v. CIA*,
    898 F. Supp. 2d 233 (D.D.C. 2012) ............................................................. 8, 9, 15

*Nat'l Sec. Counselors v. CIA*,
    960 F. Supp. 2d 101 (D.D.C. 2013) ............................................................... 14, 15

*NLRB v. Robbins Tire & Rubber Co.*,
    437 U.S. 214 (1978) .............................................................................................. 7

*Optivus Tech., Inc. v. Ion Beam Applications S.A.*,
    03-2052, 2004 WL 5700631 (C.D. Cal. Aug. 31, 2004) ..................................... 18

*Ratzlaf v. United States*,
    510 U.S. 135, 143 (1994) .................................................................................... 11

*Satterfield v. Simon & Schuster, Inc.*,
    569 F.3d 946 (9th Cir. 2009) ......................................................................... 17, 18

*Satterlee v. IRS*,
    2006 WL 3160963 (W.D. Mont. Oct. 30, 2006) ................................................ 14

*West v. Jackson*,
    448 F. Supp. 2d 207 (D.D.C. 2006) .................................................................... 14

*Yeager v. DEA*,
    678 F.2d 315 (D.C. Cir. 1982) .............................................................................. 9

**Statutes**

5 U.S.C. § 552 ........................................................................................................ 7, 8

50 U.S.C. § 1801 ......................................................................................................... 2

50 U.S.C. § 1809 ....................................................................................................... 17

50 U.S.C. § 1871 ........................................................................................... 10, 11, 14

50 U.S.C. § 1872 ......................................................................................... 3, 17, 18, 20

50 U.S.C. § 1881 ........................................................................................... 10, 11, 14

FISA Amendments Act of 2008, Pub. L. No. 110-261, (2008) .............................. 10

Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-4580 (2004) ............. 10

USA FREEDOM ACT, Pub. L. No. 114-23 .............................................. 1, 2, 3, 6

## Rules

Fed. R. Civ. P. 56 (a) ................................................................................................ 8

## Legislative Materials

161 Cong. Rec. H2914 (daily ed. May 13, 2015) ............................................... 19

161 Cong. Rec. H2915 (daily ed. May 13, 2015) ............................................... 19

161 Cong. Rec. H2916 (daily ed. May 13, 2015) ............................................... 19

161 Cong. Rec. H2921 (daily ed. May 13, 2015) ............................................... 20

161 Cong. Rec. S3427 (daily ed. June 2, 2015) ................................................. 19

H. Rep. No. 114-109 (2015) .......................................................................... 2, 19

H. Rep. No. 93-876 (1974) ................................................................................. 9

S. Rep. No. 93-854 (1974) ................................................................................. 8

## Other Authorities

Charlie Savage & Scott Shane, *Secret Court Rebuked NSA on Surveillance*, N.Y. Times (Aug. 21, 2013) ....................................................................................................... 4

Ellen Nakashima, et al., *Declassified Court Documents Highlight NSA Violations in Data Collection for Surveillance*, Wash. Post (Sept. 10, 2013) ................................... 4

Merriam-Webster Dictionary ........................................................................... 18

Walter F. Mondale et al., *No Longer a Neutral Magistrate: The Foreign Surveillance Court in the Wake of the War on Terror*, 100 Min. L. Rev. 2251 (2016) ............................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Secret law is fundamentally inconsistent with American democratic traditions. Yet, for nearly forty years, an important body of secret law was allowed to accumulate. Article III judges, serving on the Foreign Intelligence Surveillance Court ("FISC"), issued secret decisions that interpreted federal surveillance statutes and the Constitution—sometimes in ways that shaped the rights of millions of Americans.

In June 2015, Congress addressed the problem: It passed the USA FREEDOM Act, Pub. L. No. 114-23 (2015). Section 402 of the Act requires the government to conduct declassification reviews of all "significant" decisions of the FISC and to publicly release those opinions to the greatest extent practicable.

Over a year after the law's enactment, however, the Department of Justice ("DOJ") has yet to release, pursuant to the new law's requirements, a single FISC opinion that was written before Section 402 took effect. To the contrary, the agency has represented that it believes Section 402 only applies to opinions authored *after* June 2015, when the law was passed.

That interpretation is wrong. It conflicts with the text and purpose of the statute. Section 402 will have little effect if the government is allowed to keep nearly forty years of significant FISC decisions secret.

This suit seeks the disclosure of those opinions through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552—opinions that USA FREEDOM already requires the government to declassify and release.

Not only has DOJ refused to release the opinions required by Section 402; it now refuses to even process EFF's FOIA request for those opinions. Instead, DOJ raises a dubious procedural objection, arguing that EFF's request, which mirrors the text of Section 402, is too vague and burdensome to process.

Again, and as explained in depth below, the government is wrong. Indeed, the government's position in this case appears more calculated to obstruct and delay than to raise a legitimate

complaint about EFF's request.

Congress passed both USA FREEDOM *and* FOIA to end secret law. DOJ should not be allowed to avoid those statutory obligations any longer. Accordingly, EFF respectfully urges the Court to grant its motion for partial summary judgment, to order the government to process EFF's request and to declassify and release responsive opinions, just as FOIA and Section 402 of USA FREEDOM require.

## FACTUAL BACKROUND

### I.    Section 402 of the USA FREEDOM Act requires the declassification and disclosure of all "significant" FISC opinions.

On June 2, 2015, the USA FREEDOM Act ("USA FREEDOM") became law. Pub. L. No. 114-23 (2015). The law was the culmination of nearly two years of congressional and public debate concerning the scope and propriety of our nation's foreign intelligence surveillance laws and practices. *See, e.g.*, H. Rep. No. 114-109 (2015).

USA FREEDOM worked reforms to various aspects of the nation's foreign intelligence surveillance authorities, including changes to the "business records" and pen-register/trap and trace provisions of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et seq*. Pub. L. No. 114-23, §§ 101-110, §§ 201-202 (2015). Those reforms ended a program, operated by the NSA and FBI, that collected the call records of millions of Americans. *See* H. Rep. No. 114-109, pt. 1, at 2 (stating the law "prohibits bulk collection of records under Section 215" and that it also provides "greater privacy and civil liberties protections").

USA FREEDOM likewise imposed a variety of increased transparency and reporting requirements on the intelligence community, *see, e.g.*, Pub. L. No. 114-23, §§ 108, 601-605, and it instituted reforms to the procedures of the Foreign Intelligence Surveillance Court ("FISC"), the statutorily created court, composed of Article III judges, that reviews the legality of government applications to conduct foreign intelligence surveillance. *See id.* at § 401-402; s*ee also* H. Rep. No. 114-109, pt. 1, at 2.

Section 402 of USA FREEDOM ended the secrecy shrouding important opinions of the FISC. *See* H. Rep. No. 114-109, pt. 1, at 2. The need for greater transparency surrounding FISC

decisions owed, at least in part, to the FISC's evolving role in the nation's foreign intelligence surveillance regime. *See* Walter F. Mondale et al., *No Longer a Neutral Magistrate: The Foreign Surveillance Court in the Wake of the War on Terror*, 100 Min. L. Rev. 2251 (2016) ("*No Longer a Neutral Magistrate*"). Congress originally established the FISC to serve as a neutral magistrate reviewing and approving applications for individualized foreign surveillance targets. *Id.* at 2262-63. Even today, these "run-of-the-mill FISA matters" constitute the "large majority" of the work of the FISC. *Comments of the Judiciary Regarding the Foreign Intelligence Surveillance Act*, filed by the Hon. John D. Bates, Director of the Administrative Office of the United States Courts (Jan. 10, 2014) ("Bates' Comments") at 1, 3 (attached hereto as Ex. B).[1]

But in the wake of the Sept. 11 attacks and subsequent amendments to FISA in 2008, the FISC's role began to shift—away from approving individual applications to conduct surveillance, to a "meta-arbiter," approving broad surveillance programs or the procedures used by the government to implement those programs. Mondale, *No Longer a Neutral Magistrate*, 100 Min. L. Rev. at 2263-68. Although these significant matters only constitute a "small handful" of the FISC's caseload, they have disproportionate effects: these cases often involve novel surveillance techniques, complicated technical or legal questions, or implicate the privacy interests of large numbers of people. *See* Bates' Comments at 3.

Section 402 sought to shed light on these important FISC decisions. Specifically, Section 402 of the Act states:

> **Declassification Required** -- Subject to subsection (b), the Director of National Intelligence, in consultation with the Attorney General, shall conduct a declassification review of each decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e)) that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term', and, consistent with that review, make publicly available to the greatest extent practicable each such decision, order, or opinion.

Pub. L. No. 114-23, § 402(a) (codified at 50 U.S.C. § 1872).

---

[1] All exhibits referenced herein are attached to the Declaration of Mark Rumold ("Rumold Decl.").

3

Section 402 thus requires the government to "conduct a declassification review" and "make publicly available to the greatest extent practicable" all FISC opinions that include a "significant construction or interpretation of any provision of law." *Id.* Section 402 allows the opinions to be released in redacted form, *see* § 402(b), and it provides an alternative to disclosure when the government determines national security concerns prevent it from releasing the opinion, even in redacted fashion. *See* § 402(c)(2).

## II. EFF's previous litigation with DOJ concerning "significant" FISC opinions.

As part of a broader effort to bring transparency to the government's interpretation and use of its national security surveillance authorities, EFF has litigated three previous FOIA cases against DOJ—all initiated prior to USA FREEDOM's enactment—seeking disclosure of significant decisions of the FISC. *See EFF v. Dep't of Justice*, 11-cv-5221-YGR (N.D. Cal) (seeking release of "significant" FISC opinions concerning Section 215); *EFF v. Dep't of Justice*, 11-cv-0441-ABJ (D.D.C.) (seeking release of [Caption Redacted], 2012 WL 9189263 (FISC 2011)); *EFF v. Dep't of Justice*, 14-cv-00760-RMC (D.D.C.) (seeking release of multiple FISC opinions).

Each of these cases resulted in disclosure of FISC opinions that aided the public's understanding about federal surveillance law and the FISC. *See, e.g.*, Ellen Nakashima, et al., *Declassified Court Documents Highlight NSA Violations in Data Collection for Surveillance*, Wash. Post (Sept. 10, 2013);[2] Charlie Savage & Scott Shane, *Secret Court Rebuked NSA on Surveillance*, N.Y. Times (Aug. 21, 2013).[3]

In two of these cases, release of the opinions came over DOJ objections to disclosure that courts later determined to be meritless. *See, e.g.*, *ACLU v. FBI*, 59 F. Supp. 3d 584, 591 (S.D.N.Y. 2014) (describing government arguments in EFF and ACLU litigation as "bear[ing] the hallmarks of opportunistic rummaging rather than a coherent strategy" and lacking "the candor this Court expects from it"); Memorandum Opinion at 28, *EFF v. Dep't of Justice*, 12-cv-1441-ABJ (D.D.C. Sept. 30,

---

[2] *Available at* http://www.washingtonpost.com/world/national-security/declassified-court-documents-highlight-nsa-violations/2013/09/10/60b5822c-1a4b-11e3-a628-7e6dde8f889d_story.html.
[3] *Available at* http://www.nytimes.com/2013/08/22/us/2011-ruling-found-an-nsa-program-unconstitutional.html.

16-cv-02041-HSG    PLAINTIFF'S CROSS MPSJ AND OPP TO DEFENDANT'S MPSJ

2015) (ECF No. 47) (finding government's argument to withhold FISC opinion had "no reasonable basis in law").

EFF's third FOIA lawsuit sought disclosure of a series of specific FISC opinions EFF had identified, either through media reports or through citations contained in previously released FISC opinions. *EFF v. Dep't of Justice*, 141 F. Supp. 3d 51, 54-55 (D.D.C. 2015). After the government disclosed multiple opinions, litigation in the case focused on the withholding of a single FISC opinion. Rumold Decl., ¶ 13. While briefing in the case was ongoing, however, USA FREEDOM was enacted. *Id.* For various reasons, EFF did not address the new law and its consequences in its briefing. *See id.*, ¶ 14. Ultimately, the Court granted summary judgment for the government—but it did so without considering the applicability of Section 402 to the government's withholding claims. *See generally EFF v. Dep't of Justice*, 141 F. Supp. 3d 51 (D.D.C. 2015).

EFF sought reconsideration of the Court's decision in light of Section 402's new declassification requirement. *See* Rumold Decl., ¶ 15. The government opposed on multiple grounds; and for the first time, it articulated its view that Section 402's declassification requirement does not apply to FISC opinions issued prior to June 2, 2015—the date USA FREEDOM was passed. *See* DOJ's Memorandum in Opposition to Motion for Reconsideration at 9-14, *filed in EFF v. Dep't of Justice*, 14-cv-00760-RMC (D.D.C.) (ECF No. 28) (attached hereto as Ex. C).

In light of the government's unexpected and previously undisclosed argument (and rather than ask the court to decide the applicability of Section 402 in such an unusual posture), EFF voluntarily dismissed its Motion on February 16, 2016 and filed the FOIA request at issue here shortly after, on March 7, 2016. Rumold Decl., ¶¶ 16-17.

**III. EFF's Request seeks the disclosure of any "significant" FISC opinion, regardless of when it was written, which Section 402 requires to be declassified and released.**

EFF filed the March 7, 2016 FOIA request (the "Request") to obtain those "significant" FISC opinions that Section 402 of USA FREEDOM requires DOJ to declassify and release. *See* EFF FOIA Request dated March 7 2016, ("EFF's Request") at 1 (attached hereto as Ex. A).

The Request, mirroring the language of the statute, sought:

5

Any "decision, order, or opinion issued by the Foreign Intelligence Surveillance Court or the Foreign Intelligence Surveillance Court of Review (as defined in section 601(e))," [. . .] "that includes a significant construction or interpretation of any provision of law, including any novel or significant construction or interpretation of the term 'specific selection term.'" USA FREEDOM Act, Pub. L. 114-23, § 402(a) (2015), codified at 50 U.S.C. § 1872(a).

*Id*. EFF divided its request into two different time periods, with Part 1 seeking all significant opinions issued from 1978 to June 1, 2015. *Id*. Part 2 sought all significant opinions issued from June 2, 2015 to present. *Id*. Only Part 1 of the Request is at issue in this case.

## PROCEDURAL BACKGROUND

The procedural history is largely described in DOJ's motion. *See* Def.'s Motion for Partial Summary Judgment ("DOJ MPSJ") at 3-6 (ECF No. 29). However, EFF wishes to clarify its attempts to narrow the Request and to establish a reasonable production schedule.

On March 25, 2016, by telephone, and April 5, 2016, by email, EFF discussed the Request with DOJ, and EFF offered various suggestions for prioritizing the release of requested opinions. EFF hoped the suggestions would "provide a useful starting place for processing the request." Rumold Decl., ¶¶ 19-20. EFF never received a response from DOJ following those discussions. *Id*., ¶ 22.

Months later, when the parties conferred after EFF filed this suit, EFF indicated that it would be willing to narrow its request to opinions within the previously identified prioritization-categories, if that narrowing would resolve the agency's objections to the request. *Id*., ¶¶ 23-24. EFF also indicated its willingness to afford the agency an extended production schedule that would accommodate DOJ's need to conduct declassification reviews of responsive opinions. *Id*., ¶ 25. Despite this offer, counsel for DOJ indicated that, even if EFF narrowed the Request as proposed, DOJ would still consider it to be an improper request under FOIA. *Id*., ¶ 26.

///

///

///

///

# ARGUMENT

This motion presents two questions:

First, does EFF's Request, which mirrors the language of Section 402, "reasonably describe[]" the records it seeks? It does. EFF's Request seeks disclosure of a narrow and readily identifiable body of "significant" FISC opinions—a body of opinions the government has produced to Congress, pursuant to statute, for over a decade. In fact, DOJ has identified "significant" FISC opinions for EFF in previous FOIA litigation. Nothing prevents DOJ from doing the same here. All of the government's arguments to the contrary lack merit.

Second, may DOJ withhold under FOIA those FISC opinions responsive to EFF's Request? It cannot. The text and legislative history of Section 402 confirm that the statute places a prospective obligation on the agency to declassify (or produce a declassified summary of) all "significant" FISC opinions, regardless of the date the opinion was written, and to release those opinions to the public. With an affirmative requirement to declassify and release significant FISC opinions, the government cannot withhold under FOIA the opinions responsive to EFF's Request.

Accordingly, summary judgment for EFF on both questions is appropriate. EFF urges this Court to order DOJ: (1) to process EFF's Request, and (2) to declassify and release the "significant" FISC opinions responsive to the Request, just as Section 402 of USA FREEDOM requires.

## I. FOIA establishes a presumption of disclosure, and the government bears the burden of demonstrating that withheld records are clearly exempt.

FOIA safeguards the American public's right to know "what their Government is up to." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). FOIA's central purpose is nothing less than "ensur[ing] an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

FOIA requires disclosure of all agency records at the request of the public unless the records fall within one of nine narrow exemptions. *See* 5 U.S.C. § 552(b). To submit a proper request, all a requester must do is "reasonably describe[]" the requested records and follow the agency's procedures for submitting requests. 5 U.S.C. § 552(a)(3)(A). Congress intended the burden on

7

requesters to be minimal, cautioning that the record "identification standard in the FOIA should not be used to obstruct public access to agency records." *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012) (quoting S. Rep. No. 93-854, at 10 (1974)).

Once the agency has received the request, it is obligated to search for and process responsive records, and to disclose any information that does not fall within one of the Act's exemptions. *See* 5 U.S.C. § 552(a)(3), (a)(6). The exemptions "have been consistently given a narrow compass," and agency records that "do not fall within one of the exemptions are improperly withheld." *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989) (internal quotation marks omitted). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation and citation omitted).

FOIA disputes are commonly resolved on motions for summary judgment. *See ALDF v. FDA*, __ F.3d__, 2016 WL 4578362, *1 (9th Cir. 2016) (en banc). As with any case, summary judgment is proper when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); *see also Feshbach v. SEC*, 5 F. Supp. 2d 774, 779 (N.D. Cal. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## II. The agency has improperly refused to process EFF's FOIA request, which reasonably describes a narrow and readily identifiable body of "significant" FISC opinions.

DOJ knows precisely which records are responsive to EFF's Request. As described above, EFF's Request mirrored the language of Section 402 of USA FREEDOM, requesting, in relevant part: any "decision, order, or opinion" of the FISC or FISCR, issued from 1978 to June 1, 2015, "that includes a significant construction or interpretation of any provision of law[.]" EFF's Request at 1 (Ex. A). Despite the agency's hyperbole, identifying and processing these "significant" FISC opinions would be a simple and straightforward task—a task FOIA requires the agency to undertake.[4]

At the outset, the burden on a FOIA requester to "reasonably describe[]" records is a limited

---

[4] DOJ does not generally dispute that EFF's Request followed the governing rules for submitting a request, aside from the purported failure to adequately describe requested records. DOJ MPSJ at 7 n. 6.

16-cv-02041-HSG      PLAINTIFF'S CROSS MPSJ AND OPP TO DEFENDANT'S MPSJ

one: All the description must do is enable a "professional employee of the agency who [is] familiar with the subject area of the request" to locate requested records "with a reasonable amount of effort." *Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978) (quoting H. Rep. No. 93-876 at 6 (1974)).[5] When deciding how to process a request, the agency is obligated to pursue "any 'clear and certain' lead it cannot in good faith ignore." *ACLU of Northern California v. Dep't of Justice*, No. 12-cv-04008-MEJ, 2014 WL 4954121, at *6 (N.D. Cal. Sept. 30, 2014) (citation omitted); *see also Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (finding records "reasonably described" since the agency "knew 'precisely' which of its records had been requested").

Here, the agency failed to pursue—let alone mention to this Court in its opening brief or declaration—one such "clear and certain lead": the decade's worth of "significant" FISC opinions the agency has been required, by statute, to produce to its congressional oversight committees. Nor did the agency mention that it has used the term "significant" in other FOIA litigation with EFF to define and describe a specific type of FISC opinion. A knowledgeable DOJ-National Security Division ("NSD") attorney knows what the "significant" opinions of the FISC are and can locate them with little effort.

/// 

///

///

---

[5] DOJ argues, without citing any FOIA cases, that this "professional employee" test is an "objective one" and that DOJ need not introduce evidence that "*their* professionals are incapable of locating the requested records with a reasonable amount of effort." DOJ MPSJ at 8 & n. 7 (emphasis in original).

DOJ's position is incorrect, a fact reflected in the absence of any pertinent decisions to support the proposition. *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 278 (2012) (noting that whether a description is adequate "is a highly context-specific inquiry, ill-suited to abstract analysis.") Under FOIA, the relevant test is whether "a professional employee of the agency *who [is] familiar with the subject area of the request*" could locate the records, *Marks*, 578 F.2d at 263 (emphasis added; quotations omitted), not whether a hypothetical, reasonably competent professional could. *See* DOJ MPSJ at 8 n. 7. However appropriate an objective test may be in other contexts, it is inappropriate here. Indeed, DOJ likely advances its "objective" test because it is well aware that *its* professionals are capable of locating the requested records, as explained in depth below.

Under any circumstances, the Court need not decide whether the test is an objective or a subjective one, because EFF's Request is proper under either standard.

A.  The body of "significant" FISC opinions DOJ has produced to its congressional oversight bodies for over a decade constitutes a readily identifiable body of records responsive to EFF's Request.

DOJ has been producing "significant" FISC opinions to Congress for over a decade. Indeed the word "significant"—to describe an "interpretation or construction" of law contained within a FISC opinion—is a term of art in FISA. Just like Section 402, two other provisions of FISA require the government to identify and provide to Congress the "significant" FISC opinions EFF has requested.

For example, 50 U.S.C. § 1871(a)(4) requires the Attorney General to submit to the Intelligence and Judiciary Committees of both houses of Congress a "summary of *significant* legal interpretations of [FISA] involving matters before [the FISC] or the [FISCR]." (emphasis added). The Attorney General must additionally provide those committees with "all decisions, orders, or opinions" of the FISC or FISCR that "include [a] *significant construction or interpretation* of the provisions of [FISA]." 50 U.S.C. § 1871(a)(5) (emphasis added).

Another provision of FISA requires similar identification and disclosure to congressional oversight committees. 50 U.S.C. § 1881f(b)(D) requires the Attorney General to provide a:

> description of the judicial review during the reporting period. . . and. . . a copy of an order or pleading in connection with such review that *contains a significant legal interpretation* of the provisions of section 1881a of this title.

*Id.* (emphasis added).

These are not new obligations, and they predate USA FREEDOM's declassification requirement by many years. DOJ's first statutory requirement to identify and produce "significant" FISC opinions was passed in 2004. *See* Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, § 6002 (2004). And DOJ has been required to identify and produce FISC opinions concerning Section 1881a since 2008. *See* FISA Amendments Act of 2008, Pub. L. No. 110-261, § 707 (2008).

Finally, DOJ has been able to identify these "significant" FISC opinions in the past to comply with its reporting requirements. *See, e.g.*, *EFF v. Dep't of Justice*, 57 F. Supp. 3d 54, 57 (D.D.C. 2014) (describing FISC opinion provided to Congress under 50 U.S.C. § 1871); *see* Letter

from Sens. Ron Wyden and Mark Udall to Attorney General Eric Holder, dated March 15, 2012, at 2 (describing congressional review of significant FISC opinions and noting DOJ's commitment to create a "regular process for reviewing, redacting and releasing significant opinions of the FISA Court") (attached hereto as Ex. D); *see also* Letter from the Hon. Reggie B. Walton to Sen. Diane Feinstein, dated March 27, 2013, at 1 (letter from then-Presiding Judge of the FISC stating his "understand[ing] that the Executive Branch provides the Intelligence and Judiciary Committees with all significant FISC opinions") (attached hereto as Ex. E).

That EFF's Request specifically relied on the language of Section 402—indeed, citing the statute itself—is critical: the terms "significant construction" or "significant interpretation" appearing in Section 402, in 50 U.S.C. § 1871(a)(4), and in Section 1881f(b)(D) cannot "be read as a series of unrelated and isolated provisions." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995). Rather, under the "normal rule of statutory construction," those terms must be interpreted so that "identical words used in different parts of the same act . . . have the same meaning." *Id.* at 570 (internal quotation and citation omitted); *see also Ratzlaf v. United States*, 510 U.S. 135, 143 (1994). Thus, a "significant" FISC opinion under § 1871(a)(4) or § 1881f(b)(D) must also be a "significant" FISC opinion for purposes of Section 402—and, critically, for purposes of EFF's Request.

Accordingly, all FISC opinions produced to Congress pursuant to these statutory obligations: (1) contain a "significant construction or interpretation" of the law—namely, FISA; and therefore (2) are within the four corners of EFF's request. *See* EFF's Request (requesting any FISC or FISCR opinion "that includes *a significant construction or interpretation* of any provision of law") (emphasis added).

B. DOJ has identified "significant" FISC opinions in response to other EFF FOIA litigation.

Further undermining DOJ's claims that it is unable to process EFF's request, DOJ and EFF have used the term "significant" to define and describe FISC opinions, by agreement, in previous litigation. *See* Letter to the Court, filed in *EFF v. Dep't of Justice*, 11-cv-5221-YGR (N.D. Cal. 2011) (ECF No. 32) ("Letter to the Court"), at 2 (attached hereto as Ex. F). DOJ makes no attempt to explain why it could locate "significant" FISC opinions in that case but cannot here.

In 2011, EFF requested production of a broad category of records, including FISC opinions, relating to DOJ's interpretation of Section 215 of the USA PATRIOT Act—the provision of FISA the NSA and FBI relied on to conduct the now-terminated bulk call records collection program. *See supra* at 2; Rumold Decl., ¶¶ 7-9. EFF eventually filed suit and, in an effort to narrow the scope of the litigation, the parties agreed—by stipulation—to only litigate the withholding of specific documents, including FISC opinions, "containing *significant legal analysis or interpretation of Section 215*[.]" Letter to the Court at 2; *see also* Order re: Holding Cross-Motions for Summary Judgment in Abeyance, 11-cv-5221 (N.D. Cal. Jul. 19, 2013) (ECF No. 62), at 2 (ordering government to complete processing of "[s]ignificant opinions or orders of the FISC") (attached hereto as Ex. G).

Importantly, EFF and DOJ used the term "significant legal analysis or interpretation" to distinguish, and limit, the type of FISC opinions at issue in the case. On the one hand, EFF disclaimed interest in FISC decisions concerning "garden variety" Section 215 orders or decisions, Rumold Decl., ¶ 10; instead, EFF sought to focus the litigation on FISC opinions involving the "sensitive collection program" (*i.e.*, the bulk call record collection program) or other, similar programs, operated under Section 215. *Id.*, ¶¶ 9-11.

DOJ had no complaints about locating "significant" interpretations of Section 215 in previous litigation with EFF. To the contrary, the agency stipulated to it. The agency provides no reason to believe it cannot do the same again here.

C.  The government's arguments—concerning the need for specialized training, for legal research, for subjective analysis, and the effort required to locate responsive records—all lack merit.

The government's crabbed view of its duty to search for requested records finds no support in the law. None of the government's complaints about EFF's Request justifies its refusal to search for the requested records.

(1) **Specialized Training:** Processing EFF's Request would require no more "specialized training" than processing any other request. As a threshold matter, DOJ cites no precedent, and EFF is aware of none, to suggest that the need for specialized training renders a request deficient. Indeed,

16-cv-02041-HSG    PLAINTIFF'S CROSS MPSJ AND OPP TO DEFENDANT'S MPSJ

complying with *any* FOIA request presumably requires some amount of specialized training—*e.g.*, knowledge of the rules and regulations governing disclosure and processing requests.

Regardless, the agency conflates the knowledge and training necessary to *locate* responsive records with that needed to *process* requested records. *See* DOJ MPSJ at 9. The agency suggests that a request is valid only if an employee within the "FOIA and Declassification Unit" can both locate the requested records, without assistance from other agency personnel, *and* process them. *Id.* But that turns the test for whether a requester has "reasonably describe[d]" the records on its head. *See Marks*, 578 F.2d at 263. FOIA does not require that *every* agency employee be able to locate responsive records; nor that an employee in the FOIA department be able to locate the records without assistance. Instead, a request is sufficient if an employee "familiar with the subject area" is able to identify requested records. *Id.*

Candidly, the agency appears to acknowledge that attorneys from the Office of Intelligence could identify the records responsive to EFF's Request. *See* DOJ MPSJ at 9; Declaration of G. Bradley Weinsheimer ("Weinsheimer Decl."),¶ 15 (noting that "even if the reviewer were an attorney, that attorney or attorneys would by necessity have to come from the Office of Intelligence, not the FOIA and Declassification Unit") (ECF No. 29-1). Instead, DOJ argues that the *burden* placed on those attorneys would be too great. DOJ MPSJ at 9. That concession, however, settles the question: DOJ-NSD FOIA professionals *can* locate the requested records with the help of DOJ-NSD attorneys. If they can (without undue burden),[6] then they must. *See ACLU of Northern California*, 2014 WL 4954121, at *6.

(2) **Legal Research**: No legal research is required to fulfill EFF's Request. As explained above, all DOJ-NSD need do, as a starting point, is identify and produce those "significant" FISC opinions it has produced to Congress since 2004. *See supra* at 9-11.

DOJ's primary complaint appears to concern conducting a *exhaustive* search. *See* DOJ MPSJ at 9-10 (suggesting the need to "conduct extensive legal research" and place each "opinion in its proper historical context"). But DOJ's search need not even locate *every* responsive record: the test,

---

[6] DOJ's arguments concerning burden, discussed below, also lack merit.

simply, is whether DOJ's search was "adequate." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986) (noting the search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request"). EFF submits that simply asking DOJ-NSD attorneys for assistance in locating the requested records would likely yield most, if not all, of the "significant" FISC opinions in the agency's possession. This would require only limited effort from DOJ attorneys and no legal research whatsoever.

EFF thus does not quarrel with the authorities cited by the government. *See* DOJ MPSJ at 10 (citing *Satterlee v. IRS*, 2006 WL 3160963 (W.D. Mont. Oct. 30, 2006); *West v. Jackson*, 448 F. Supp. 2d 207 (D.D.C. 2006); *Butler v. Nelson*, 1997 WL 580331 (D. Mont. May 16, 1997)). The authorities simply have no application here.

(3) **Subjective Analysis**: If the agency seeks a wholly objective measure to process the Request, the obvious starting points are those "significant" FISC opinions that DOJ has physically produced to Congress over the past decade.

Additionally, as noted previously, the term "significant" is a term of art in FISA—one the agency has apparently already developed a methodology for evaluating. If the agency seeks further objective criteria to apply in its search—*e.g.*, for opinions issued before its disclosure obligations to Congress began—it can employ the same internal DOJ methodology it used to evaluate whether disclosure to Congress was required under § 1871(a)(5) or § 1881f(b)(D).

Finally, EFF provided DOJ with criteria to prioritize processing the Request. Although the agency has rejected EFF's suggestions, they offer a number of objective measures for evaluating whether a FISC opinion is "significant," including whether an opinion authorized "techniques that affect significant numbers of people," "opinions addressing violations of laws or court orders," or "recently issued opinions (*e.g.*, those issued after 2001)." Rumold Decl., ¶ 20.

The cases relied upon by DOJ are readily distinguishable from the facts of this case. DOJ chiefly relies on *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101 (D.D.C. 2013) to argue that EFF's Request would improperly require subjective analysis. DOJ MPSJ at 11, 12. But the request at issue in *Nat'l Sec. Counselors* sought a much more nebulous body of records than the opinions

requested here. The plaintiff in that case sought "representative samples" of annual CIA reports on intelligence targets. 960 F. Supp. 2d at 157. That is, the request not only asked the agency to identify such reports, but to further analyze the results and produce only those that constituted "representative samples" and a "reasonable variety" of each year's reports. *Id*. at 157-58. The court held the request failed to adequately describe records because its sampling demands imposed vague and malleable terms on CIA's processing of the request. *Id*. at 158.

Here, DOJ does not have to contend with vague or malleable terms that "cloak plaintiff's request in more uncertainty." *Id*. As described above, the term "significant" FISC opinion has a specific meaning—one imbued by statute and by practice within DOJ-NSD—that is far more definite than the records sought in *Nat'l Sec. Counselors*.

DOJ's reliance on *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221 (D.D.C. 2012), is similarly misplaced. There, the plaintiff's "virtually incomprehensible" request sought 49 categories of records about information leaked to several newspapers. *Id*. at 228. For example, the request would have required the CIA "to locate, review, redact, and arrange for inspection . . . anything 'relating to' . . . Iran, Israel, Iraq, North Korea, Russia, Azerbaijan, and others"—categories of records that, given the work of the CIA, are unfathomably broad. *Id*. at 229. Further, the request would have required the agency to undertake an internal investigation into the leaks and determine whether any laws were broken. *Id*. The court held that FOIA cannot be used "to force a federal agency to undertake grand jury style investigations." *Id*. In contrast, the request here requires no broad investigative undertaking, nor does it demand from DOJ anything more than it has done for the past decade: to identify and produce "significant" opinions of the FISC.

(4) **Burden**: The agency's claims concerning the "unparalleled breadth" of the request are hyperbole. DOJ MPSJ at 12. As the agency knows, and as the former Chief Judge of the FISC, Judge John Bates, has stated, "the vast majority of FISA matters . . . involve the application of a probable cause or other factual standard to case-specific facts and typically implicate the privacy interests of few persons other than the specified target." Bates' Comments at 1, 3 (noting most FISC matters, like requests for search warrants or for pen register/trap-and-trace orders are similar to those ruled on

"[e]very day . . . by the district courts" in criminal matters) (Ex. B). These "run-of-the-mill FISA matters" constitute the "large majority" of the work of the FISC, "measured either by number of cases or allocation of time." *Id*. at 1, 3. Thus, the agency greatly exaggerates when it claims that "each decision, order, or opinion—in every one of over 30,000 dockets—would need to be read in full text manually." DOJ MPSJ at 13.

In reality, there are only a "small handful of cases" that involve "novel or complex legal or technical issues." Bates' Comments at 3. This is a fact DOJ rather candidly acknowledges: "NSD ultimately does not expect there to be a voluminous set of responsive records to Part 1 of [EFF's] request[.]" Weinsheimer Decl., ¶ 16.[7] EFF's Request applies only to that "small handful of cases" involving significant opinions—a handful of cases of which, as explained above, DOJ-NSD attorneys are undoubtedly well aware.

After locating the relevant opinions, DOJ-NSD attorneys could hand them over to the NSD's FOIA unit, for declassification review and eventual release, as Section 402 of USA FREEDOM requires. Responding to EFF's Request thus would *not* require a line-by-line review of 30,000 dockets or a significant diversion of NSD-attorney resources, as the agency claims.

///
///
///
///
///
///
///
///
///
///

---

[7] Indeed, the fact that NSD has expectations about the set of records responsive to EFF's Request, itself, further calls into doubt the agency's claims concerning its inability to process the Request.

**III.** **None of the "significant" FISC opinions responsive to EFF's Request may be withheld in full under FOIA because Section 402 of USA FREEDOM requires them to be declassified and released.** [8]

Once the agency has processed EFF's request, DOJ cannot withhold the FISC opinions responsive to EFF's Request. The Request seeks only the "significant" FISC opinions that Section 402 already requires the government to publicly disclose. Accordingly, none of FOIA's exemptions would justify the withholding, in full, of responsive opinions.

This conclusion is powerfully supported by the plain text of Section 402 and its legislative history. Section 402 requires declassification and disclosure of "each" significant FISC opinion, regardless of when the opinion was authored.[9]

    A.    The plain text of USA FREEDOM requires DOJ to declassify and release "significant" FISC opinions.

The plain text of Section 402 places an affirmative obligation on the government to review and declassify all "significant" opinions issued by the FISC.

When construing a statute, courts must "first look to the language of the statute to determine whether it has a plain meaning." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (citation omitted). When the text's plain meaning is unambiguous, the inquiry ends and the court's sole function is to enforce the statute's terms. *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004); *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).

---

[8] Section 402 contains an exception to the public disclosure requirement that allows the Director of National Intelligence ("DNI") to waive the requirement if the DNI makes a determination that public disclosure would harm national security. 50 U.S.C. § 1872(c)(1). If that determination is made, however, the DNI must still make "publicly available an unclassified statement . . . summarizing the significant construction or interpretation" contained within the FISC decision. 50 U.S.C. § 1872(c)(2)(A). The summary must also include "a description of the context in which the matter arises and any significant construction or interpretation of any statute, constitutional provision, or other legal authority relied on by the decision." *Id*. To date, EFF is not aware of any published summaries of opinions.

[9] EFF is aware of at least six significant FISC opinions that DOJ has not declassified and released. As noted above, in previous litigation, DOJ refused to release a FISC opinion concerning 50 U.S.C. § 1809(a)(2), a provision of FISA that prohibits the government from using data it had acquired illegally. *EFF v. Dep't of Justice*, 141 F. Supp. 3d 51, 54-55 (D.D.C. 2015). Additionally, at least five FISC opinions—identified by the agency as containing "significant legal analysis or interpretation of Section 215" in EFF v. Dep't of Justice, 11-cv-5221-YGR—have not been disclosed. *See EFF v. Dep't of Justice*, 2014 WL 3945646, *2 (N.D. Cal. Aug. 11, 2014).

17

Section 402 states:

> the Director of National Intelligence, in consultation with the Attorney General, *shall* conduct a declassification review of *each decision, order, or opinion* issued by the [FISC and FISCR] that includes a significant construction or interpretation of any provision of law. . . and, consistent with that review, make *publicly available* to the greatest extent practicable each such decision, order, or opinion.

50 U.S.C. § 1872(a) (emphasis added).

The statute is clear: the declassification requirement extends to "each" significant FISC opinion. *Id.* The plain meaning of the word "each" is "*every one* of two or more people or things considered separately." Merriam-Webster Dictionary (emphasis added).[10] "Similarly, the Oxford English Dictionary (2d ed.1989) defines the word 'each' as meaning 'every.'" *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 03-2052, 2004 WL 5700631, at *13 (C.D. Cal. Aug. 31, 2004); *see also Metro One Communications, Inc. v. C.I.R.*, 704 F.3d 1057, 1061 (9th Cir. 2012) ("To ascertain the plain meaning of terms, we may consult the definitions of those terms in popular dictionaries."). There are no temporal limitations on the FISC opinions the statute requires to be reviewed. The *only* limitation is that the FISC opinion must contain a "significant construction or interpretation" of the law. 50 U.S.C. § 1872(a)

Accordingly, the most straightforward reading of Section 402 is that the government must undertake a declassification review of "each," and every one, of the FISC's significant opinions and disclose those opinions "to the greatest extent practicable," 50 U.S.C. § 1872(a), including those opinions requested by EFF.

    B.    <u>Section 402's legislative history supports the plain textual requirement that the government declassify and release all "significant" FISC opinions.</u>

The legislative history of USA FREEDOM, too, shows that Section 402's declassification requirement applies to all existing "significant" FISC opinions.

At the outset, because the plain text of Section 402 is unambiguous, turning to legislative history is unnecessary. *Satterfield*, 569 F.3d at 951 (9th Cir. 2009) (The court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous") (internal quotation and citations

---

[10] *Available at* http://www.merriam-webster.com/dictionary/each.

omitted). Nevertheless, the statute's legislative history fully supports the plain, textual requirement that the government review and release each and every "significant" FISC opinion, no matter when it was written.

The House Judiciary Committee's report on USA FREEDOM states that Section 402 was enacted to create "greater transparency of national security programs operated pursuant to FISA." H. Rep. No. 114-109, pt. 1, at 2 (2015). Section 402 accomplishes this goal by requiring the Executive Branch "to conduct a declassification review of *each* decision, order, or opinion of the FISC or FISCR that includes a significant construction or interpretation of law." *Id*. at pt. 1, 23 (emphasis added). Senators Mike Lee (R-Utah) and Patrick Leahy (D-Vt.) adopted the House's analysis of USA FREEDOM, including Section 402, when introducing the bill in the Senate. *See* 161 Cong. Rec. S3427 (daily ed. June 2, 2015) ("to prevent misinterpretations of Congress's intent, [Senator Leahy and I] want to state clearly that we agree with the section-by-section analysis contained in House Report 114-109") (statement of Sen. Lee). The chief drafter of USA FREEDOM, Rep. Jim Sensenbrenner (R-Wisc.), stated that Section 402 was written to bring "an end to secret laws" by requiring the declassification of "significant legal decisions." 161 Cong. Rec. H2916 (daily ed. May 13, 2015).[11]

Statements from other sponsors and supporters of USA FREEDOM demonstrate that by including the word "each" in Section 402, Congress meant for the Executive Branch to declassify and release *all* significant opinions. House Judiciary Chairman Goodlatte stated that Section 402 "increases transparency by requiring declassification of *all* significant FISA Court opinions." 161 Cong. Rec. H2914 (daily ed. May 13, 2015) (emphasis added). House Judiciary Committee Ranking Member John Conyers (D-Mich.), also an original sponsor of the bill, similarly stated that Section 402 "requires the government to declassify and publish *all* novel and significant opinions of the Foreign Intelligence Surveillance Court." 161 Cong. Rec. H2915 (daily ed. May 13, 2015) (emphasis added). Additionally, Rep. Adam Schiff (D-Calif.), the ranking member of the House Permanent

---

[11] Rep. Bob Goodlatte (R-Va.), chairman of the House Judiciary Committee, identified Rep. Sensenbrenner as "the chief sponsor of this legislation." 161 Cong. Rec. H2916 (daily ed. May 13, 2015).

Select Committee on Intelligence said that Section 402 "increases transparency by requiring a declassification review of *all* significant FISA court opinions and by requiring the government to provide the public with detailed information about how they use these national security authorities." 161 Cong. Rec. H2921 (daily ed. May 13, 2015) (emphasis added).

Members of Congress sponsoring and supporting USA FREEDOM meant for Section 402's declassification procedures to be applied to each and every significant FISC opinion. Section 402's plain text indicates as much, and the legislative history merely reaffirms that the government has a statutory obligation to review and declassify all significant FISC opinions.

C.     Section 402 imposes a prospective declassification requirement that raises no retroactivity concerns.

Because the text of Section 402 explicitly mandates the review and declassification of *all* significant FISC opinions, there is no question about whether Congress intended the provision to require the disclosure of FISC decisions issued before USA FREEDOM was passed, as the government has previously argued.[12] Nevertheless, the government's retroactivity arguments lack merit.

To begin, no retroactivity analysis is necessary in the first place. The plain text of Section 402 directs that the government "*shall* conduct a declassification review" of significant FISC decisions. 50 U.S.C. § 1872(a) (emphasis added). The statute thus imposes a new, mandatory, and forward-looking transparency obligation on the government to make the body of "significant" FISC decisions public.

A statute is "not made retroactive merely because it draws upon antecedent facts for its operation"; nor is a statute retroactive simply because it "unsettle[s]" expectations about past events. *Landgraf v. USI Film Prods.*, 511 at 245, n. 24 U.S. 244 (1994). (internal citations and quotations omitted). As the Supreme Court recognized in *Landgraf*, a new law that changes zoning regulations

---

[12] Although the DOJ has yet to fully raise the argument here, as described above, *supra at* 5, DOJ contends that Section 402's declassification requirement, if interpreted to apply to opinions written before the enactment of USA FREEDOM, would have an impermissible retroactive effect. *See* Joint Case Management Statement at 3 (ECF No. 23); *see also* Memorandum in Opposition to Motion for Reconsideration, *filed in EFF v. Dep't of Justice*, 14-cv-00760 (D.D.C.) (ECF No. 28) (Ex. C).

20

may upset the expectations of someone who previously purchased affected property, and a law banning gambling can harm a developer who had begun to build a casino. *Id*. But the fact that the law imposes new, prospective burdens or alters expectations going forward does not, by itself, mean the law has an impermissible retroactive effect. So too here: simply because significant FISC opinions were issued before USA FREEDOM's enactment does not mean Section 402's prospective obligation to declassify those opinions has a prohibited retroactive affect, *even if* it unsettles the government's expectations about the secrecy of those opinions.

Moreover, the government's classification assertions are not the type of completed past events that raise retroactivity concerns. The presumption against retroactivity ensures that new legal consequences are not unfairly attached to completed events in ways that "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. The issuance of an opinion, by an Article III court, and the government's ongoing secrecy assertions concerning that opinion, hardly raise concerns about the government's "rights," "liability" or completed "transactions."

Ultimately, Section 402 is akin to any other statute that imposes new transparency requirements on the government, much like FOIA. FOIA was first passed in 1966 and requires federal agencies to make records public upon request—including requests for agency records that existed prior to FOIA's passage. *See, e.g.*, *Halpern v. FBI*, 181 F.3d 279, 285 (2d Cir. 1999) (seeking agency records from the 1930s). To EFF's knowledge, the government has never argued that FOIA's transparency regime is limited to records created after FOIA was passed; yet that is exactly what the government argues with respect to Section 402.

Section 402, like the FOIA, applies without regard to the date the records were written.

## CONCLUSION

This Court should not countenance the government's ongoing attempts to avoid its statutory transparency obligations. For all the foregoing reasons, EFF respectfully urges the Court to grant its motion for partial summary judgment.

DATED: October 13, 2016               Respectfully submitted,


                                      ___/s/ Mark Rumold_____
                                      Mark Rumold

                                      ELECTRONIC FRONTIER FOUNDATION
                                      815 Eddy Street
                                      San Francisco, CA 94109
                                      Telephone: (415) 436-9333
                                      Facsimile: (415) 436-9993
                                      Attorneys for Plaintiff
                                      ELECTRONIC FRONTIER FOUNDATION